JASMINE, J.,
dissenting.
hi respectfully dissent from the majority’s opinion in this case in the following respects.
I find that the trial court clearly abused its discretion in denying the Motion to Suppress Evidence, specifically the currency seized from defendant’s person when his car was stopped. As noted by the majority, in a hearing on a motion to suppress, the State bears the burden of establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). Further, the district court’s findings of fact on a motion to suppress are reviewed under a clearly erroneous standard and the district court’s ultimate determination of Fourth Amendment reasonableness is reviewed de novo. State v. Pham, 2001-2199 (La.App.1/22/03), 839 So.2d 214, 218. Accordingly, “on mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo.” Id. (citation omitted). “Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts.” Id. (citation omitted).
I find that the State utterly failed to establish any exception to the warrant requirement in this case. The testimony at the hearing on the motion to suppress showed that the stop was a pretext. Officer Martin testified that it is uncommon for agents to arrest suspects immediately after an undercover transaction, because this can jeopardize the agent’s cover and the investigation, yet Mr. Grimes’s ^vehicle was stopped within minutes of the undercover buy for a “field interview,” which, in my mind, would clearly alert a suspect regarding the undercover buy moments before. This stop was clearly pretextual.
Most importantly, the testimony at the suppression hearing and the trial is completely devoid of facts to establish how the officers came to find the crack cocaine during this stop. Thus, the State failed to bear its burden of proof that the cocaine was legally seized. The trial judge refused to allow the defense to question the witnesses about this, and repeatedly limited the questions to “constitutionality.” We know that Mr. Grimes was stopped in order to do a field interview; we do not know if Mr. Grimes or his car were searched, or if the crack was found in some other way. It is clear to me that unless the cocaine was found in plain view, which the State did not claim, the State failed to establish any facts that show an exception to the warrant requirement for the search of the automobile or Mr. Grimes’s person when he was stopped merely for a field interview. It is clear that a search incident to an arrest may not precede an arrest and serve as part of its justification. Sibron v. New York, 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917 (1968).
Because the State failed to present any facts about the stop, we do not get any link *431 to the currency, which the State argues was found pursuant to a search incident to a lawful arrest for possession of the crack cocaine. There is no way to conclude that the defendant was “lawfully” arrested for possession of cocaine because the State failed to prove how the cocaine was found. It is noted that “details were not brought out,” but the State had the burden of proving these exact details in order to defeat the motion to suppress. Accordingly, with the State failing to prove that the cocaine was legally seized, I cannot conclude that the arrest was lawful. Therefore, the State has failed to prove that the seizure of the currency was lawful, and the currency should have been suppressed.
|SI also find errors in the multiple bill proceeding. The trial court clearly failed to issue written findings as to the multiple bill hearing as required by LSA-R.S. 15:529.1(D)(3). The defendant is clearly prejudiced by the fact that the trial court failed to identify exactly which predicate offenses it relied upon to find defendant a third felony offender. The defendant now has the burden of challenging three predicate convictions when clearly only two were used. I find that the majority’s conclusion that this issue was not preserved for appellate review is misplaced. It is not clear to me how the defendant could object, at the hearing, to the absence of written findings, when such findings are usually prepared after the conclusion of the hearing. To hold this impossibility against the defendant is unjust.
My review of the record shows numerous actions that could be ineffective assistance of counsel, in addition to the ones raised by defendant. I find that these should be addressed in post conviction relief rather than on appeal, because I find that the record does not contain sufficient evidence to rule on the merits of the claims. My review of the record leads me to conclude that defense counsel was clearly hampered by his lack of experience rather than a lack of desire to present a good defense, but given the fact that defendant’s exposure upon conviction was a life sentence if found to be a multiple offender, I must err on the side of ensuring that defendant receives his constitutional right to effective counsel.